IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-531-FDW-DCK

| TIMEA CSIKOS BARRACK, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | MEMORANDUM AND RECOMMENDATION |
| v. | ) ) | |
| KRISTI NOEM[1], et al., | ) ) | |
| Defendants. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Remand And Dismiss" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Timea Csikos Barrack ("Plaintiff" or "Barrack") initiated this action against the Secretary of Homeland Security, the Director of U.S. Citizenship and Immigration Services ("USCIS"), and the Charlotte Field Office Director of USCIS, in their official capacities, with the

---

[1] Pursuant to Fed.R.Civ.P. 25(d), the following office holders are automatically substituted in place of certain defendants named at the outset of this action who no longer hold public office: Kristi Noem, Secretary of Homeland Security, is substituted for Alejandro Mayorkas; Angelica Alfonso-Royals, Acting Director, U.S. Citizenship and Immigration Services is substituted for Ur Jaddou. US Senate Confirms Kristi Noem as Secretary of Homeland Security, HOMELAND SECURITY (January 25, 2025), https://www.dhs.gov/news/2025/01/25/us-senate-confirms-kristi-noem-secretaryhomeland-security; Leadership, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/about-us/organization/leadership (last visited June 26, 2025). It appearing to the Court that Christopher Heffron remains Director of the U.S. Citizenship and Immigration Services Charlotte Field Office, the office holder is not substituted at this time. The Clerk is directed to substitute defendants accordingly. The Court recognizes that these positions may change suddenly, and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

filing of a "Complaint For De Novo Hearing On Application For Naturalization And Declaratory Judgment Under 8 U.S.C. § 1447(b)" (Document No. 1) ("Complaint") on June 5, 2024.

Plaintiff is a native and citizen of Hungary. (Document No. 1, p. 2). Plaintiff "has resided in the United States continuously since December 15, 2015[,] when she was admitted to the U.S. as an L-1A 'intracompany transferee, manager or executive' nonimmigrant." Id. at p. 3. On August 3, 2017, Plaintiff married Brian Andrew Barrack, a "native-born U.S. citizen." Id. On September 4, 2019, USCIS granted Plaintiff's application to adjust her immigration status based on her marriage, and Plaintiff accordingly became a lawful permanent resident of the United States. Id. at p. 4.

Plaintiff asserts she "is eligible for naturalization." Id. On May 27, 2023, Plaintiff filed a Form N-400 Application For Naturalization. Id. On February 5, 2024, USCIS interviewed Plaintiff regarding her naturalization application. Id. On February 12, 2024, USCIS issued to Plaintiff a Notice Of Intent To Deny ("NOID") her application for naturalization. Id. The NOID alleges Plaintiff "gave 'false testimony' at her naturalization interview…specifically claiming that she gave false answers to…questions concerning the nature of her involvement in a Florida registered corporation, U.S. Trademark Enterprises, Inc. in the years 2011–2013." Id.

On May 7, 2024, USCIS sent Plaintiff a "Notice Of Intent To Rescind Permanent Resident Status" ("NOIR"), which Plaintiff contends was procedurally deficient due to lack of proper service. Id. at p. 5. This NOIR claims Plaintiff was ineligible for adjustment to lawful permanent resident status "because she had 'willfully misrepresented a material fact' in a prior application for F-1 student visa from December 2012 by failing to disclose that she 'owned and operated a business [U.S. Trademark Enterprises, Inc.] in the United States while under the Visa Waiver

Program as a tourist." Id. at p. 6 (emphasis in original) (citing (Document No. 1-7, pp. 2–3). Plaintiff disputes these allegations. Id. at pp. 6–7.

Plaintiff's Complaint alleges that more than 120 days have passed since the date of her naturalization interview and USCIS has not determined her naturalization. Id. at p. 9. Plaintiff thus requests "a *de novo* hearing and a judicial determination of her naturalization application declaring that she is entitled to be naturalized" pursuant to 8 U.S.C. § 1447(b). Id. Plaintiff further requests attorney's fees "pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)." Id.

On September 9, 2024, Defendants filed a "Motion To Remand And Dismiss" (Document No. 8) and accompanying "Memorandum In Support…" (Document No. 9). "Plaintiff's Response In Opposition To Defendants' Motion To Remand And Dismiss" (Document No. 12) was filed on September 23, 2024. Defendants' "Reply In Support Of Motion To Remand And Dismiss" (Document No. 13) was filed on September 30, 2024.

On September 10, 2024, upon motion of the parties, the undersigned stayed this matter pending disposition of Defendants' Motion To Remand And Dismiss. (Document No. 11).

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Frank D. Whitney.

## II. STANDARD OF REVIEW

Under 8 U.S.C. § 1447(b), "a naturalization applicant may seek a hearing and decision from a district court…if USCIS fails to adjudicate an application within 120 days of conducting an examination." Dubon v. Jaddou, 109 F.4th 307, 308 (4th Cir. 2024). "Once an applicant files in court for a hearing, the court assumes jurisdiction, and 'may either determine the matter itself or remand the matter to USCIS 'with appropriate instructions.'" Id. at 308–09 (quoting 8 U.S.C.

3

Case 3:24-cv-00531-FDW-DCK   Document 15   Filed 07/02/25   Page 3 of 9

§ 1447(b)) (cleaned-up). Whether to rule on an application itself or remand to USCIS "is a matter of court discretion." Id. at 309. See also Dubon v. Jaddou, 2022 WL 16949734, at *1 (M.D.N.C. Nov. 15, 2022) ("Where USCIS moves to remand an 8 U.S.C. § 1447(b) action for agency determination, 'it is entirely within the discretion of the court to either deny the motion to remand and assert jurisdiction or grant the motion to remand and allow the naturalization petition to be adjudicated by USCIS.'").

### III. DISCUSSION

By the instant motion, Defendants move to remand Plaintiff's naturalization application to USCIS for adjudication. (Document No. 9, p. 1). Defendants contend "the vast majority of courts that have exercised jurisdiction over a case pursuant to section 1447(b) have remanded such matters back to USCIS with appropriate instructions rather than keeping them." Id. (citing Manzoor v. Chertoff, 472 F.Supp.2d 801, 810 (E.D. Va. 2007)). Defendants contend "[t]he Court should do the same in this case," asserting "USCIS stands ready to render a decision promptly and agrees to render a decision on Plaintiff's application for naturalization within thirty (30) days of this Court's order of remand." Id. at p. 2. Defendants assert that "[a]lthough the complaint invokes the Court's jurisdiction to determine the naturalization application…Plaintiff does not seek the Court's disposition on the merits or alleged defects of the NOIR, which proceeds on a separate track from the naturalization application and remains with USCIS." Id. at p. 3.

Defendants argue "[t]he Court should remand this matter to USCIS for at least three reasons." Id. First, Defendants argue "the executive branch merits deference in the context of immigration." Id. (citing INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999)). Second, Defendants argue "remand would ensure that Plaintiff receives an expeditious decision on her naturalization application without denying her the right to seek administrative review and de novo judicial review

4

of that decision, if necessary." Id. at p. 4. Defendants contend "the 'central purpose' of section 1447(b) was to reduce waiting times on a naturalization application." Id. (quoting United States v. Hovsepian, 359 F.3d 1144, 1163 (9th Cir. 2004)). Third, Defendants argue "this Court will preserve judicial resources by remanding the matter to USCIS and allowing the administrative process to conclude." Id. at p. 5.

Defendants assert that "the naturalization statutes and regulations contemplate a two-step decisional process before district court review—an initial decision by a naturalization examiner and, if the application is denied, an administrative appeal to an immigration officer," and "USCIS should be allowed to complete, and the reviewing court should have the benefit of, both steps." Id. (citing 8 U.S.C. §§ 1421(c), 1446(d); 8 C.F.R. § 336.9; Kapa v. United States INS, No. 3:17-CV-415-FDW (W.D.N.C. Oct. 2, 2017); INS v. Ventura, 537 U.S. 12, 16–17 (2002); Manzoor v. Chertoff, 472 F.Supp.2d 801, 810 (E.D.Va. 2007)).

Defendants also argue that "[i]n addition to remanding Plaintiff's naturalization application to USCIS, the Court should dismiss as premature the complaint's demand for attorneys' fees under the Equal Access to Justice Act ("EAJA")." Id. at p. 6. Defendants contend that "[u]nder EAJA, the proper vehicle for a fee request is an application showing eligibility *after* a party has prevailed—not as a claim in a complaint or counterclaim." Id. (emphasis in original) (citing 28 U.S.C. § 2412(d)(1)(B)). Defendants thus argue "[t]he complaint's claim for EAJA fees thus fails to state any claim on which relief can be granted, and it must be dismissed." Id.

In response, Plaintiff argues "Defendants' delay in adjudicating Plaintiff's Application for Naturalization, which gives cause for this…action, is a reflection and consequence of the prejudicial conduct [to] which [USCIS] has subjected Plaintiff." (Document No. 12, p. 1). Plaintiff contends "USCIS has signaled its intent to deny Plaintiff's application on grounds that

would constitute a new and novel interpretation of the regulatory definition of 'employment' to circumstances previously known to, and considered by, USCIS in adjudicating prior immigration benefits applications by the Plaintiff." Id.  Plaintiff contends that prior to the issuance of the NOID on February 12, 2024, no immigration official had characterized Plaintiff's involvement with USA Trademark Enterprises as "employment" or her omission of USA Trademark Enterprises in her prior employment histories as "fraud or willful misrepresentation of a material fact." Id. at p. 3. Although Plaintiff's response emphasizes alleged procedural and substantive problems with the related NOIR, Plaintiff contends she "does not ask the Court to consider the merits of USCIS's NOIR, but rather to spare her from the radically inconsistent and fundamentally unfair adjudication USCIS is poised to complete if her application for naturalization is remanded." Id. at p. 4.

Plaintiff argues that while she "acknowledges remand is the most common outcome of petitions brought under 8 U.S.C. § 1447(b), multiple courts found it appropriate to retain jurisdiction and decide a petitioner's naturalization, or otherwise remand to USCIS with specific instructions to grant naturalization, when necessary to serve the interests of justice." Id. (emphasis in original).  Plaintiff argues the Hovsepian court "also found in the Congressional record on § 1447(b) that 'representatives drafting the statute were concerned with the consistency and fairness of naturalization decisions." Id. at pp. 4–5 (emphasis in original) (citing United States v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004)).  Lastly, Plaintiff contends, "there are no issues in this matter that warrant deference to the Executive Branch due to 'sensitive political functions that implicate questions of foreign relations' as asserted in [Defendants'] Motion.' Id. at p. 5.

Defendants reply that Plaintiff's Response "does not address that portion of the Motion that seeks dismissal of Plaintiff's demand for attorneys' fees under the Equal Access to Justice Act." (Document No. 13, p. 1).  Defendants argue "Plaintiff's own Response includes information

6

Case 3:24-cv-00531-FDW-DCK    Document 15    Filed 07/02/25    Page 6 of 9

that, at a minimum, demonstrates that there is an issue of her prior activities with U.S. based entities possibly constituting unauthorized employment that may bear on her eligibility for naturalization," and "[a] determination of this sort is precisely the type of issue that is best suited to USCIS." Id. at p. 3. Defendants again emphasize that "in the event USCIS were to deny Plaintiff's naturalization application upon remand, Plaintiff could still challenge that determination through an administrative review process," and "[i]f unsatisfied with the outcome of that process, Plaintiff could then bring an action in this Court under 8 U.S.C. § 1421(c) to seek de novo review of [her] naturalization application," at which point "there would be a developed record before USCIS, thereby preserving judicial resources." Id. (citing 8 U.S.C. 1447(a); 8 C.F.R. § 336.9).

Defendants further reply that "a review of authority demonstrates that the remand that Defendants seek here is the appropriate course in all but the most extreme and exceptional cases brought under 8 U.S.C. § 1447(b)." Id.

Having carefully considered the record of this case and the applicable authority, the undersigned is persuaded that remand is appropriate here. Defendants are correct that "[i]n 'the vast majority' of cases brought pursuant to § 1447(b), district courts 'have remanded the matter back to [USCIS] with appropriate instructions, rather than determine the matter.'" Dubon v. Jaddou, 2022 WL 16949734, at *2 (M.D.N.C. Nov. 15, 2022) (citing Manzoor v. Chertoff, 472 F. Supp. 801, 810 (E.D.Va. 2007)). "In the few cases where a district court opted to adjudicate the matter itself, the application had been pending for a lengthy period and the [agency] failed to assure the court that a swift decision could be made on remand." Id. (citing Rashid v. Dep't of Homeland Sec., 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017)).

In this case, Defendants have assured the Court that they will promptly adjudicate Plaintiff's application for naturalization within thirty (30) days of an Order of remand. (Document

7

Case 3:24-cv-00531-FDW-DCK    Document 15    Filed 07/02/25    Page 7 of 9

No. 8, p. 1). Plaintiff does not dispute Defendants' arguments that opportunities for both administrative and judicial review would remain available to her following remand. "Even if a court's review of a naturalization application under 8 U.S.C. § 1421(c) is *de novo*, allowing additional development of the record and the issues prior to litigation conserves judicial resources." Dubon v. Jaddou, 2022 WL 16949734, at *5 (M.D.N.C. Nov. 15, 2022).

In short, the undersigned is not persuaded that the interests of justice require the Court to exercise exclusive jurisdiction over Plaintiff's application for naturalization at this time. Rather, the undersigned is satisfied that remand "is practical and consistent with the intent of Congress in this case." Dubon, 2022 WL 16949734, at *6. The undersigned also agrees with Defendants that Plaintiff's request for fees under the EAJA appears premature. 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party."). Accordingly, the undersigned respectfully recommends that Defendants' motion be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Remand And Dismiss" (Document No. 8) be **GRANTED**, and that this action be **REMANDED** to USCIS with instructions to adjudicate Plaintiff's application for naturalization within thirty (30) days of the Order of remand.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 1, 2025

David C. Keesler
United States Magistrate Judge